IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORTENSIA TREVINO, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:15-CV-3299-M-BH |
| | § | |
| PECAN DELUXE CANDY COMPANY, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management. Before the Court for recommendation is *Defendant's Motion to Dismiss*, filed November 9, 2015 (doc. 10). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**.

## I. BACKGROUND

On October 13, 2015, Ortensia Trevino (Plaintiff) filed this *pro se* case against her former employer, Pecan Deluxe Candy Company (Defendant), alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Title VII). (doc. 3 at 1-2.)[1] Her complaint states, in its entirety:

> I believe that I have been discriminated against because of my gender female.
>
> I was demoted in September of 2014. I was replaced by [a] male.
>
> I was discharge [sic] on July 7, 2015.
>
> I believe that I have been discriminated against because of my gender female in violation of Title VII of the Civil Rights Act of 1964 as amended.

(*Id.* at 1.) Attached to the complaint are the Charge of Discrimination she filed with the Equal

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Employment Opportunity Commission (EEOC), which contains virtually identical allegations, and the EEOC's dismissal notice and right to sue letter dated July 14, 2015. (*Id.* at 2, 4.) The complaint contains no other factual allegations. (*See id.*)

On November 9, 2015, Defendants moved to dismiss this action. Plaintiff did not respond, and the motion is now ripe for consideration.

## II. RULE 12(b)(6) STANDARD

Defendant moves to dismiss this case pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (doc. 10.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).[2]

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' " *Bell Atl. Corp.*

---

[2] "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Here, Defendant does not rely on any matters outside of the pleadings in support of their motion to dismiss.

*v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678 (noting that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

### III. TITLE VII

Defendant moves to dismiss Plaintiff's Title VII claim on grounds that she has failed to state a plausible claim. (doc. 11 at 3-4.)

Title VII prohibits discrimination against "any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Generally, a plaintiff must establish a prima facie case of

3

discrimination by showing that she (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (per curiam). While a plaintiff's complaint need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim. *See Puente v. Ridge*, 324 F. App'x 423, 427-28 (5th Cir. 2009).

Although a court must view a plaintiff's well-pleaded complaint in the light most favorable to her when considering a motion to dismiss, it is not sufficient to merely assert a legal conclusion that the plaintiff was discriminated against because of a protected characteristic. *See Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008). Alleged facts must be sufficient to at least create an inference that the plaintiff was discriminated against because of the alleged protected characteristic. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013); *see Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008) (per curiam) (noting that "[the plaintiff's] statement that [t]he real reasons [he] was discriminated . . . against in the terms, conditions and privileges of his employment [was] because of his race, color, national origin and or ethnicity . . . is merely a legal conclusion.") (internal citations omitted); *see also Puente*, 324 F. App'x at 428. When a plaintiff sets out facts that do "not seem to have anything to do with" discrimination based on the alleged protected characteristic, the claim is properly dismissed pursuant to Rule 12(b)(6). *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

In *Durham v. Ascension Parish School Bd.*, 624 F. App'x 237 (5th Cir. 2015) (per curiam), the

Fifth Circuit found that a plaintiff failed to "allege that she was qualified for the position, that she was terminated as a result of her age, or that she was replaced by someone younger" where her complaint alleged only that "APSB subjected me to unfair discipline and harassment and neglected to provide accomedations [sic] for such. Injured on the job during a fight and received a write up and reprimand for students behavior." *Id.* at 238. Concluding that the plaintiff had failed make factual allegations sufficient to establish a prima facie discrimination case, it found that the district court had properly dismissed the complaint. *Id.*

Similarly, in *Alexander v. Texas Frac Fluids LLC*, No. 2:10–CV–488–TJW–CE, 2011 WL 3880556 (E.D. Tex. Aug. 30, 2011), *adopted by* 2011 WL 3880553 (E.D. Tex. Aug. 30, 2011), the district court found that the plaintiff had failed to "allege any facts showing that he was qualified for the position at issue and that others similarly situated, but not in his protected class, were treated more favorably" where his complaint alleged only that his supervisor "[t]old plaintiff his couisin [sic] was coming into town, and when he got there, that's [sic] he was going to fire to [sic] plaintiff. And plaintiff belieave [sic] that is call Nepotisim [sic]." *Id.* at *1. Because the plaintiff had failed make factual allegations sufficient to establish a prima facie discrimination case, the district court granted the defendant's motion to dismiss. *Id.* at *2.

Here, Plaintiff generally contends that she was discriminated against because of her gender. (doc. 3 at 1.) According to her, she was demoted, a male replaced her, and she was terminated approximately ten months later. (*Id.*) "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). Accepting her well-pleaded facts

5

as true and viewing them in a light most favorable to her, Plaintiff has alleged that she was a member of a protected group, suffered adverse employment actions through demotion and termination, and was treated less favorably than an employee outside the protected group when she was replaced by a male following her demotion. (*See* doc. 3 at 1-2.) However, Plaintiff neither identifies her position nor provides any facts from which an inference may fairly be drawn that she was qualified for her position when she was demoted and then later terminated. Additionally, although she alleges that she was replaced by a male following her demotion in September 2014, her complaint was silent regarding any replacement following her discharge. (*See* doc. 3 at 1-2.) Accordingly, she fails allege facts that set forth a prima facie case. *See Durham*, 624 F. App'x at 238-39; *Gille v. Lousiana Dept. of State Civil Serv.*, 559 F. App'x 333, 335 (5th Cir. 2014) (per curiam). Plaintiff has failed to nudge her Title VII claim across the line from conceivable to plausible. *See Twombly*, 550 U.S. at 570. Defendant's motion to dismiss should be **GRANTED**.

### IV. OPPORTUNITY TO AMEND

Notwithstanding this failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07–CV–1975–D, 2008 WL 398314, at *1 (N.D. Tex. Feb.13, 2008); *Sims v. Tester*, No. 3:00–CV–0863–D, 2001 WL 627600, at *2 (N.D. Tex. Feb.13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96–CV–2923–D, 3:97–CV–0353–D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2, or when a *pro se* plaintiff seeks to amend her complaint in response to a recommended dismissal, *see Swanson v. Aegis Commc'ns Group, Inc.*, No. 3:09–CV–0041–D, 2010 WL 26459, at *1 (N.D. Tex.

6

Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, over six months have passed since Defendant filed its motion to dismiss. Plaintiff filed no response to the motion despite the Court's order expressly giving her until November 30, 2015, to do so. (doc. 12.) She has not moved for leave to amend her complaint. Because Plaintiff has had a limited opportunity to amend her complaint, and she might be able to allege a better case against Defendant, she should be accorded an opportunity to amend her complaint to allege sufficient facts to state a claim.[3]

## V. RECOMMENDATION

Defendant's Rule 12(b)(6) motion should be **GRANTED**. Unless Plaintiff files an amended complaint within the fourteen days allotted for objections to this recommendation or a deadline otherwise set by the Court, her claims against Defendant should be **DISMISSED WITH PREJUDICE**.

---

[3] Under the Federal Rules of Civil Procedure, "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

**SO RECOMMENDED** on this 26th day of May, 2016.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8